HENRY S. DANOLDS, Appellant, *v.* JAMES H. LORD, Respondent.

*Net profits of a business — the cost and depreciation of materials, tools, etc., are to be considered.*

To ascertain the net profits of a business, in order to determine the compensation of an employee, which it had been agreed should be a certain proportion of the net profits, it is necessary to charge to the business the cost of the materials consumed, and of the tools and implements worn out, and, also, the depreciation by wear and tear or other necessary causes, of such of the tools, implements and appliances as were not rendered absolutely worthless, but were only depreciated in value.

APPEAL by the plaintiff, Henry S. Danolds, from a judgment of the County Court of Monroe county in favor of the defendant, entered in the office of the clerk of the county of Monroe on the

17th day of May, 1892, upon the report of a referee dismissing the plaintiff's complaint upon the merits.

*H. H. Woodward,* for the appellant.

*C. J. Church,* for the respondent.

DWIGHT, P. J. :

This was an action to recover what was alleged to be due to the plaintiff for his share of the profits of a business undertaken and carried on for a little over two months under the following agreement :

" Agreement made this 26th day of May, 1891, by and between James H. Lord and Henry S. Danolds, as follows : The parties hereto are to carry on the business of painting roofs under the name of Flour City Roofing Company, of which said James H. Lord shall be the sole proprietor and owner. Each of the parties hereto agree to give their whole time and attention to said business. Books of account shall be kept, which shall be accessible to both parties, and as often as twice each year an account of said business shall be taken, and the profits ascertained, and one-half of such net profits shall be paid to and received by said Henry S. Danolds as full compensation for his services rendered in the carrying on of the business aforesaid. This agreement shall continue for one year from this date."

The business was terminated by the mutual consent of the parties early in August of the same year, and the parties having failed to reach a settlement of their matters which was mutually satisfactory, the plaintiff brought this action, claiming a balance of profits of the business due to him. The trial necessarily involved an accounting, which was had before a most careful and capable referee, and the result was a finding that the plaintiff had received his full share of the net profits of the business, and his complaint was dismissed.

The only question of any moment presented by this appeal is whether the referee properly included in the accounting certain personal property, purchased by the defendant for use in the business, and which at its termination was sold and the proceeds accounted for. We think the referee was quite right in his disposition of this question. All agree that the relation of the parties was not that of a

co-partnership, and there has been no attempt to charge him, the plaintiff, with any losses in the business. There was no loss; the result was a net gain, but it was plainly necessary, in order to ascertain what the net gain was, to charge to the business the cost of the materials consumed, of the tools and implements worn out, and, equally, of the depreciation by wear and tear, or other necessary causes, of such tools, implements and appliances which were not rendered absolutely worthless, but only depreciated in value.

The phrase employed in the contract, " of which said James H. Lord shall be sole proprietor and owner," does not affect the question of the form of the accounting necessary to arrive at the net profits of the business. The reference in that phrase is to the business of which Lord should be sole proprietor and owner, and especially, no doubt, to the good will of the business; but even if it were to be regarded as applying to the property used in the business, it would be necessary to take an account of all such property purchased, consumed, worn out or depreciated in value, in order to ascertain what was the net profit realized in the business during its continuation.

The case of *Emery* v. *Wilson* (79 N. Y. 78–83), from the opinion in which counsel quote an isolated expression of DANFORTH, J., is not at all in point here. That was the case of a co-partnership, and the learned judge who had said, as quoted, " Nor did the referee err in refusing to deduct from the profits so ascertained the amount of the depreciation in value which the property of the firm had undergone," also said, " The arrangement between Emery and Wilson did not contemplate a final winding up or settlement of the affairs of the firm of John T. Wilson & Co. before payment to Emery should be made, but only that the profits of the business of the firm for the year should be ascertained or stated in the manner before referred to."

In the case at bar the final conclusion of the business was reached; the arrangement was, to all intents and purposes, a co-partnership, except in respect to liability for losses; and for the purpose of ascertaining the amount of net profits, an accounting substantially as in case of a co-partnership seems to have been necessary and proper.

Such an accounting was taken by the referee with careful attention to the rights of the plaintiff, and the result reached by him seems to have been fully justified.

The judgment should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.